STATE OF VERMONT

ENVIRONMENTAL COURT

}

Appeals of Curtis, et al.                                                         }              Docket

Nos. 203-11-03 Vtec

}                     and 231-12-03 Vtec

}

Decision and Order on Cross-Motions for Summary Judgment

In Docket Number 203-11-03, Linda M. Curtis, Clark W. Curtis, Linda S. Cunningham, James C. Cunningham, Christina Hilliker, Richard Hilliker, Francis Lantagne, Rita Lantagne, Liz Lemieux, Leo Paul Major, Norma Major, Stephanie Rosamilia, Nelson C. Stevens III, Rachel A. Stevens, Thomas Zaffis and Susan Zaffis, appealed from the decision of the Planning Commission of the City of Newport granting site plan approval to Appellee-Applicant[1] Vermont RSA Limited Partnership, d/b/a/ Verizon Wireless, for the installation of wireless telecommunication antennas within the towers of the existing St. Mary's Star of the Sea Catholic Church and for the construction of a related equipment shed and a maintenance shed for the Church's own use.   Verizon Wireless cross-

---

[1] The application was filed jointly by the landowner Roman Catholic Diocese of Burlington, through Father Leo Bilodeau of St. Mary's Star of the Sea Catholic Church, and by Verizon Wireless; however, neither the Diocese nor St. Mary's Church took an active role in the presentation of the application nor appeared as a party in the present appeals.

appealed from that decision on the issue of whether site plan approval by the Planning Commission was required at all for the proposed project. In Docket Number 231-12-03, the same individuals except for Susan Zaffis and the Lagntagnes appealed from a decision of the Zoning Board of Adjustment (ZBA), upholding the Administrative Officer's grant of a zoning permit for the proposed project. In both appeals, Appellants are represented by Gerald R. Tarrant, Esq. and Appellee-Applicant is represented by Brian Sullivan, Esq. The City of Newport did not enter an appearance in either appeal.

The following facts are undisputed unless otherwise noted. St. Mary's Star of the Sea Catholic Church is located in the Urban Residential zoning district of the City of Newport; religious institutions are a permitted use category in this zoning district.

Appellee-Applicant proposes to install six wireless telecommunication panel antennas, three within each of two openwork stone bell towers that form the front of the church building, and to install a separate prefabricated shed, ten feet in height, on the church property to house related equipment. Appellee-Applicant holds a lease agreement with the Roman Catholic Diocese of Burlington to place the antennas and the structure on the church property. Appellee-Applicant also proposes to build a shed on the church property to for the church's maintenance use. The parties did not provide the proposed site plan or building plans in connection with their motions, and therefore the Court cannot determine whether the two sheds are designed as separate structures or as two distinct

sections of a single structure; that fact is not material to the issues on summary judgment.

Appellee-Applicant filed its application for a zoning permit, including supporting materials keyed to the site plan approval criteria of §606 and to the small-scale wireless telecommunication facilities criteria of §346.05. The Administrative Officer referred the application to the Planning Commission for site plan approval prior to ruling on the permit application.

The issues raised in the summary judgment motions arise from the incorporation of the City's wireless telecommunications ordinance within its Zoning Bylaw. The zoning district regulations in §205 do not provide for wireless telecommunications facilities or towers[2] as either a permitted or a conditional use in any zoning district, and therefore a conditional use permit is not required[3] for such proposals. Rather, §346 requires the Planning Commission to apply specific criteria in its site plan review related to the potential effects of wireless telecommunication proposals.

Section 346 provides for two regulated classes of wireless telecommunication facilities: small scale facilities under §346.05; and all others under §346.06. Small scale facilities are defined as "the placement of wireless telecommunications antennas, repeaters

---

[2] These terms are defined in §502 to distinguish antennas, repeaters and micro cells, and their related ground facilities, from the towers or other structures on which they may be placed.

[3] But see the reference in §346.15(E) to a 'conditional use permit,' which suggests that such a procedure may have been intended at some earlier stage of the bylaw's drafting.

or micro cells on existing buildings, roofs, or walls, and not extending more than 10 feet from" the surface to which they are attached, and as "the installation of [wireless telecommunication] ground facilities less than 20 feet in height." The proposed antennas and the related equipment shed[4] fall within the small-scale class of facilities.

Wireless telecommunications facilities "not covered by §346.05" must submit a more extensive application under §346.06, and must also submit supplemental site plan information under §346.07, "in addition to site plan requirements found elsewhere in the Newport City Zoning Bylaws," that is, in §606.

Section 606 provides that "[n]o zoning permit shall be issued by the Administrative Officer for any use or structure, except for one-family and two-family dwellings, until the Planning Commission grants site plan approval." Section 606 exempts signs unless they have 'an impact on' the site plan standards in §606.02, but does not by its terms exempt small-scale wireless telecommunication facilities.

---

[4] The additional shed proposed for the church's use would be an accessory building to the religious institution, a permitted use on the property. It would only need site plan approval from the Planning Commission, and a zoning permit from the Administrative Officer.

Under §346.05, small-scale wireless telecommunication facilities may be approved by the Administrative Officer if they meet "the applicable requirements of this bylaw[5]," upon submission of the following three documents: a "final site and building plan;" a report by a qualified engineer that the existing structure is suitable to hold the proposed antennas and that the method of affixing the antenna complies with standard engineering practices; and a copy of the executed contract between the owner of the existing structure and the applicant.  The only other requirement of §346.05 is that no such device may be located closer than fifty feet to an existing neighboring residential or commercial building.  The parties do not dispute the proposal's compliance with the requirements for the fifty-foot distance, the structural suitability of the towers to hold the antennas, or the existence of the executed contract.

We must interpret a zoning ordinance to the extent possible to make sense of and give meaning to all of its provisions, read as a whole, and to avoid interpreting any of its provisions as surplusage.  Town of Calais v. County Road Commrs., 173 Vt. 620, 621 (2002) (mem.).  As discussed below, the provisions of §346 specific to small-scale wireless telecommunication facilities may be harmonized with all three of the contested aspects of the Zoning Bylaw: with the provisions of §606 requiring site plan review by the Planning Commission for everything other than one- and two-family dwellings, with the

---

[5]  The parties dispute whether "this bylaw" refers solely to §346 or to the entire Zoning Bylaw, and dispute which are the "applicable" sections, even of §346.

additional site plan review standards for non-small-scale wireless telecommunication facilities, and with such additional provisions of §346.08 through §346.18 as are applicable to both classes of wireless telecommunication facilities.

Essentially, small-scale wireless telecommunication facilities are treated in the same way as non-residential permitted uses in any district. Permitted uses other than one- and two-family dwellings must undergo site plan review under §606, but then need only obtain a zoning permit from the Administrative Officer, rather than the more extensive prior review required for a conditional use by the ZBA under §605. Similarly, small-scale wireless telecommunication facilities must undergo site plan review under §606, but then need only obtain a zoning permit from the Administrative Officer, rather than the more extensive supplemental site plan review required for a non-small-scale wireless telecommunication facility by the Planning Commission under §346.06 and 346.07. This interpretation is consistent with the fact that one of the documents that must be submitted for the §346.05 zoning permit for a small-scale wireless telecommunication facility is a "final" site and building plan. The modifier "final" is given meaning only if it refers to the site plan as approved by the Planning Commission through the §606 site plan review process, as opposed to a site plan as initially proposed by the applicant, as the supplemental site plan review of §346.06 and 346.07 is not required for such facilities.

Section 606.02 requires the Planning Commission to assess a project's compliance

with certain standards, such as landscaping and screening, and including in §606.02(E) compliance with "all pertinent parts' of the Zoning Bylaw.  For small-scale wireless telecommunication facilities such as the present proposal, the parties dispute whether any portion of §346 should be considered a "pertinent part" of the Zoning Bylaw.  It is not necessary to determine whether the more specific provisions of §346.05-07 or the more general provisions of §606.02 apply to wireless telecommunication facilities, as there is no inherent conflict between them.  In performing site plan review under §606.02(E) for a small-scale wireless telecommunication facility, the Planning Commission (and hence this Court sitting in place of the Planning Commission in this de novo appeal) must simply determine what portions of §346, if any, are applicable to this particular proposed small-scale wireless telecommunication facility.

After distinguishing between the small-scale and other types of wireless telecommunication facilities, §346 sets out several other requirements.  Some of these by their terms are not applicable to a project such as this one which proposes antenna panels mounted on an existing structure rather than the construction of a new tower; others only apply to the operation or decommissioning of wireless telecommunication facilities after they have been constructed.  We examine each section.

Section 346.18 merely establishes the authority for the City Council to enact special fees for wireless telecommunication permits and monitoring.

Section 346.08 read in its entirety only applies to the construction of new towers or support structures; it requires a careful examination of whether the proposed facilities (that is, the antennas, repeaters or micro cells) can be accommodated on an existing tower or structure.    This preference is found in the initial paragraph of §346.08 and in its subsections D, E, F and G.   A camouflaged or so-called stealth design location is also ranked higher than is the   accommodation of facilities on an existing tower, in the locational preferences in §346.04(B) and (C), although not higher than location on municipal property[6].     §346.04(A).    As Appellee-Applicant proposes to place the antennas on an existing structure, and integrated into architectural elements within the definition of 'stealth facility' in §502, no other co-location analysis under §346.08 is required.

Section 346.09 is inapplicable as no access roads are required to be constructed or improved.   Section 346.13 regarding temporary facilities is also inapplicable to this proposal.

---

[6] However, nothing in 346.08 requires an applicant or the Planning Commission to consider a municipal property location as an alternative to location on an existing structure, whether 'stealth' or otherwise.  We do not determine whether this is good policy or not; it is for the City to determine whether it wishes to place such a requirement in its ordinance.

Section 346.10 is inapplicable to the extent it deals with tower design and screening; it is applicable to the extent it deals with antenna design and screening and with the placement and screening of the related equipment shed. It overlaps to some extent with the general site plan criteria in §§606.02(C) and 606.03(D) regarding the adequacy of landscaping and screening. Section 346.12 is inapplicable to the extent it deals with lighting and signage not proposed for this project; it is applicable to the extent it deals with noise, as is the noise performance standard in §331. The remaining sections address the facility's operation[7] and are therefore inapplicable in this permit proceeding.

The only remaining question is whether the §308 requirement of only one principal use per lot, except for Planned Unit Developments, applies to preclude this proposal. The term "principal" use appears in the definition of and as distinguished from the term "accessory" use. §502. An accessory use is one that occurs on the same lot as the principal use for that lot, but is both 'subordinate' to and 'customarily incidental' to the principal use. For the purpose of determining which permit criteria apply, accessory uses generally fall into the same permitted or conditional use category as the principal use to which they are accessory.

The placement of wireless telecommunication antennas on a church building does not fall within the use category of "accessory" use because the antennas are not

---

[7] Section 346.11 (permit amendments); §346.14 (monitoring and evaluation); §346.15 (facility removal); §346.16 (maintenance); §346.17 (insurance).

'customarily incidental' to the religious use; they are not functionally related to the principal use of the property.  Compare <u>Appeal of Stanak and Mulvaney</u>, Docket No. 101-7-01 Vtec (Vt. Envtl. Ct., Feb.28, 2002) (antenna panels not accessory to a publicly-owned elderly housing use).  If this application were for approval of the proposal as an accessory use to the church, it would not qualify for approval.

However, §308 does not by its terms preclude approval of a subordinate or incidental second use on a lot that is specifically authorized elsewhere in the Zoning Bylaw and is not a second principal use on that lot.  Again, both sections of the Zoning Bylaw can be harmonized, by recognizing that the strong preference in §346 for the placement of antennas on existing buildings specifically authorizes application for an unrelated but subordinate use on a single lot, so long as it is not so substantial as to constitute a second principal use.  It is possible that a proposal to construct a new wireless telecommunication tower on the same lot as an existing unrelated use might constitute a second principal use, while in the present case the placement of antennas on an existing church building does not, because it is an allowed subordinate use.

Thus, if the criteria for approval discussed above are all met[8] the Administrative Officer may issue a zoning permit for a small-scale wireless telecommunication facility and remain in compliance with §204.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's Motion for Summary Judgment is GRANTED in PART, in that consideration of Appellee-Applicant's proposal is not prohibited by §§308 or 204, and in that further analysis of co-location elsewhere than the proposed property is not required under §346.08 and the motion is otherwise denied; and Appellants' Motion for Summary Judgment is GRANTED in PART, in that the project requires prior site plan approval by the Planning Commission, and hence this Court in this de novo appeal, including consideration of the applicable provisions of §346.08 through §346.18, as discussed above, and the motion is otherwise denied.

We will hold a telephone conference on February 7, 2005, to discuss what issues remain to be heard on the merits of site plan review.

Done at Barre, Vermont, this 24th day of January, 2005.

---

[8] That is, prior site plan approval by the Planning Commission under §606, including consideration of any applicable provisions of §§346.08 through 346.18 and the imposition of any appropriate conditions under §606.03, followed by the Administrative Officer's ministerial determinations under §346.05.

_____

Merideth  Wright

Environmental  Judge